IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | No. 2:20-cv-02634-TLP-atc ) ) |
| JOHN ROBERT OSWALT, et al., | ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO DISMISS AND GRANTING
MOTION TO INTERPLEAD FUNDS**

Plaintiff Metropolitan Life Insurance Company brought this interpleader action under 28 U.S.C. §§ 1332 and 1335, as well as Rule 22 of the Federal Rules of Civil Procedure. (ECF No. 1 at PageID 3.) Defendants Rebecca Ann Jewell and John Robert Oswalt (the "Children") move to dismiss for lack of subject matter jurisdiction. (ECF No. 32.) Plaintiff responded in opposition (ECF No. 34), [1] and the Children replied. (ECF No. 39.)

Plaintiff also moves for interpleader deposit under 28 U.S.C. § 1335 and Federal Rules of Civil Procedure 22 and 67. (ECF No. 35.) The Children responded in opposition (ECF No. 40), and Plaintiff replied. (ECF No. 42.) What is more, Defendants Carley L. Adams, Jessi Lynn Keough, Alieah Diane Ward, Brett Allen Dickerson, Robert Tate Dickerson, and Laura Beth

---

[1] Defendants Carley L. Adams, Jessi Lynn Keough, Alieah Diane Ward, Brett Allen Dickerson, Robert Tate Dickerson, and Laura Beth Haas responded that they "agree with the positions and supporting legal arguments found in Plaintiff's Response in Opposition to the Children's Motion to Dismiss for Lack of Subject Matter." (ECF No. 41 at PageID 267 n.1.)

Haas (the "Grandchildren") also responded in support of Plaintiff's motion to interplead.  (ECF No. 41.)

For the reasons below, the Court **DENIES** the Children's motion to dismiss and **GRANTS** Plaintiff's motion to interplead funds.

## **BACKGROUND**

**I.    The Life Insurance Policies**

Plaintiff, a life insurance company, issued two life insurance policies to Robert Warren Oswalt (the "Decedent").  (ECF No. 1 at PageID 3, 5.)  First, Decedent had a Flexible-Premium Life Insurance Policy ("Flexible-Premium Policy') on his own life.  (ECF No. 1-1.)  And second, he owned a Whole Life Insurance Policy ("Whole Life Policy").  (ECF No. 1-2.)

Both policies gave Decedent the right to name his beneficiaries.  (ECF No. 1 at PageID 5; *see also* ECF Nos. 1-1 at PageID 18; 1-2 at PageID 34.)  In November 2018, Decedent completed a Beneficiary Change Form ("2018 Change Form") for both policies.  (ECF No. 1-3.)  Under the 2018 Change Form, Decedent designated his wife, Marie Oswalt, as his primary beneficiary.  (ECF No. 1-3 at PageID 46.)  He did not, however, designate any contingent individual beneficiaries by name.  (*Id.*)  Instead, he placed an X in the box which read "[y]es, I want to include future children of the insured as Contingent Beneficiaries."[2]  (*Id.*)  He also checked a box saying that, "[i]f a child of the Insured is a Beneficiary and that child dies before the Insured, that child's share of the proceeds will be paid to that child's living children in equal shares."  (*Id.*)

---

[2] The policy explained further that "[a]ny living child not listed at the time you complete this form will be excluded as a Beneficiary."  (ECF No 1-3, PageID 46.)

Decedent had four children: Defendant Rebecca Ann Jewell, Defendant John Robert Oswalt, Teresa Dickerson, and David Oswalt. (ECF No. 1 at PageID 6.) But two of his children, Teresa and David, died before he did. David Oswalt's surviving children are Defendants Carley L. Adams, Alieah Diane Ward, and Laura Beth Hass (*Id.* at PageID 7.) And Teresa Dickerson's surviving children are Defendants Jessi Lynn Keough, Brett Allen Dickerson, and Robert Tate Dickerson. (*Id..*)

Decedent's wife and primary beneficiary on the 2018 Change Form passed away in 2019. (*Id.*) And so in February 2020, Decedent completed a new Beneficiary Change Form ("2020 Change Form") for both policies. (ECF No. 1-4.) There, he listed his living children, Defendants Rebecca Ann Jewell and John Robert Oswalt, as primary beneficiaries, each to receive fifty percent of the policies' proceeds. (ECF Nos. 1 at PageID 7; 1-4 at PageID 50.) But he did not identify any contingent beneficiaries on this new form. (*Id.*)

Decedent then passed away in March 2020, and Plaintiff has to now give the policies' benefits to Decedent's beneficiaries. (ECF Nos. 1 at PageID 7; 1-5 at PageID 53.) His Flexible-Premium Policy has a death benefit of about $59,214.77. (ECF No. 35-1 at PageID 241.) And his Whole Life Policy has a death benefit of around $37,926.30. (*Id.*) So the total amount of Decedent's policy benefits is $97,141.07. (*Id.*)

## II.     Defendants' Claims for the Policies' Benefits

After his death, both the Children and the Grandchildren submitted insurance claim forms for the policy benefits disputing which Change Form controls. (ECF Nos. 1-6; 1-7.) The Children claim the policy benefits under the 2020 Change Form. (ECF No. 1 at PageID 7.) At the same time, the Grandchildren argue that the 2020 Change Form is invalid, because Decedent was not of sound mind when he signed the form. (*Id.* at PageID 7–8; ECF No. 1-9 at PageID

97.)  So they argue that the 2018 Change Form controls instead, and that the benefits that would have gone to their deceased parents should come to them.  (ECF No. 1 at PageID 8.)

Because of the competing claims, Plaintiff temporarily restrained the policy benefits and encouraged Defendants to resolve the matter themselves.  (ECF No. 1 at PageID 8; *see also* ECF No. 1-8.)  In a letter, Plaintiff told Defendants that, if they could not agree, Plaintiff would have to interplead the policies' benefits and let the Court resolve the claims.  (*Id.*)  And because Defendants could not resolve the dispute themselves, Plaintiff sued.  (ECF Nos. 1 at PageID 8; 1-9 at PageID 97.)

Plaintiff argues that it "is unable to determine the proper beneficiary of the benefits at issue without risk of exposure of MetLife to multiple liability." (ECF No. 1 at PageID 8.)  And so, it asks that the Court determine who should receive the policies' benefits.[3]  (*Id.*)  Plaintiff also asks that the Court: (1) enter an order and injunction that keeps Defendants from suing it to recover the policies' benefits; (2) require Defendants to litigate or settle these claims between themselves; (3) grant Plaintiff leave to pay the policies' benefits into the Court's registry until the case is resolved; and (4) dismiss Plaintiff with prejudice from the action and discharge it from any further liability.  (ECF No. 1 at PageID 9–10.)  Plaintiff also moves in a separate motion to interplead with the Court the disputed portion of the benefits.  (ECF No. 35.)

The Children, however, move to dismiss the interpleader complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction.  (ECF No. 32-1 at PageID 176.)  They argue that (1) Plaintiff does not have reasonable fear of multiple liability; (2) the parties are not adverse; (3) the parties are not diverse; and (4) the amount in controversy is less than $75,000.  (*Id.*)

---

[3] Plaintiff does not make any claim to the policies' benefits.  (ECF No. 1 at PageID 9.)

## **12(b)(1) MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1), a party may, as the Children did here, challenge the Court's subject matter jurisdiction over Plaintiff's claims. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When the defendant makes such a motion, the plaintiff bears the burden of proving subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under a 12(b)(1) motion to dismiss, a party can make either a facial or factual attack on subject matter jurisdiction. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. A facial attack "merely questions the sufficiency of the pleading," and so the court takes the complaint's allegations as true. *Id.* But when the factual predicate to subject matter jurisdiction is at issue, the court must weigh the conflicting evidence to determine whether subject matter jurisdiction exists. *Id.* Therefore "the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Moir*, 895 F.2d at 269.

The Children here "make a factual attack on subject matter jurisdiction." (ECF No. 32-1 at PageID 184.) And so the Court weighs all of the evidence to determine whether it has subject matter jurisdiction. The Court now turns to the question of whether it has subject matter jurisdiction over this interpleader action.

## **ANALYSIS**

Plaintiff claims that this Court has subject matter jurisdiction in two ways—under 28 U.S.C. §§ 1335 and 1332. To begin, the Court discusses interpleader actions generally.

**I.      Interpleader Actions**

Plaintiff's complaint alleges that the Court has subject matter jurisdiction over this matter as an interpleader action. (*See* ECF No. 1.) "Interpleader is an equitable proceeding that

'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice, and Procedure § 1704 (3d ed. 2001)).  There are two stages to an interpleader action. *Id*.  In the first stage, "the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader."  *Id*.  And in the second stage, "the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial."  *Id.*  As to the first stage, the "primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder . . . is whether the stakeholder legitimately fears multiple vexation directed against a single fund [or property]."  *Id.*

At this point in the case, the Court only considers the first stage—whether Plaintiff properly invokes interpleader.  A party can invoke interpleader either under Federal Rule of Civil Procedure 22 ("rule interpleader") or under 28 U.S.C. § 1335 ("statutory interpleader"). *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355–56 (6th Cir. 2018).  Plaintiff here argues that it meets the requirements for both types of interpleader.

The Court now turns to the statutory interpleader standard.

## II.     The Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1335

Under 28 U.S.C. § 1335, district courts have original jurisdiction over interpleader actions that meet the statute's jurisdictional requirements.  *See* 28 U.S.C. § 1335(a).  This means

that a party seeking interpleader must allege: "(1) the existence of actual or potential conflicting claims to a limited fund or property held by the stakeholder; (2) an amount in controversy of at least $500; and (3) minimal diversity among the competing claimants." *Lindenberg*, 912 F.3d at 356 (internal citations omitted). A party can satisfy the statute's requirements by "properly pleading" them. *See id.*

Plaintiff here alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1335. And because Plaintiff's complaint satisfies all three requirements for statutory interpleader, the Court agrees.

### A.     Section 1335's Amount in Controversy Requirement

Here, the total amount of benefits under the two policies is $97,141.07. (ECF No. 35-1 at PageID 241.) And even though the parties only dispute $48,570.54 of the benefits, this amount exceeds the statute's $500 requirement. (*See id.* at PageID 244.) And so, Plaintiff's complaint satisfies § 1335's amount in controversy requirement.

### B.     Section 1335's Adverse Claims Requirement

The Children argue that, for the Grandchildren's claims to be "adverse" under the statute, their claims must be "reasonable legal claims," and that the Court should dismiss the action if the Grandchildren's claims are "devoid of substance."[4] (*Id.* at PageID 185–87) (quoting *Indianapolis Colts v. Mayor & City Council of Balt.*, 741 F.2d 954, 958 (7th Cir. 1984)). They further argue that the Grandchildren have no evidence to support their position that when he

---

[4] The Children mostly cite case law outside the Sixth Circuit to support this argument. (*See* ECF No. 32-1 at PageID 182–85) (citing *Indianapolis Colts*, 741 F.2d at 957–58; *Wash. Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 680 (2d Cir. 1993); *Nunziata v. Janus Funds, Inc.*, No. 2:16-cv-00159-JAW, 2018 WL 1570787, at *4 (D. Me. Mar. 30, 2018); *Equitable Life Assurance Soc'y v. Jones*, 679 F.2d 356, 360 (4th Cir. 1982) (Murnaghan, J., dissenting)).

executed the Change Forms, Decedent was mentally incompetent[5]; that the 2018 Change Form does not name the Grandchildren as beneficiaries; and that Plaintiff did not "allege the extent of any investigation it did to determine if there was any credible to support to the Grandchildren's allegation that Decedent was incompetent." (ECF No. 32-1 at PageID 185–89.)

By arguing that the Court should dismiss the action because the Grandchildren's claims lack substance, the Children essentially ask that the Court review the merits of the Grandchildren's claims to address Plaintiff's motion. But "[t]he Sixth Circuit's requirement of a 'legitimate' fear of overlapping litigation does not imply review of the merits of the adverse claims, which should instead be reserved for the second-stage of interpleader." *Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011); *see also USAA Life Ins. Co., Inc. v. Space*, No. 3:14-CV-00661-TBR, 2015 WL 3407323, at *2 (W.D. Ky. May 26, 2015) ("The requirement of a 'legitimate' fear of such litigation does not suggest that the Court must review the merits of the claims; this task is left for the second stage of the action.").

What is more, "[t]he Sixth Circuit has found the 'legitimacy' requirement satisfied where multiple claimants raise competing claims for the same identifiable 'stake.'" *Space*, 2015 WL 3407323, at *2. In *United States v. High Technology Products*, the Sixth Circuit found that, because the claimants "presented competing claims to ownership" of the property, the party seeking interpleader "legitimately feared multiple vexation directed against a single set of identifiable properties." 497 F.3d at 642. It therefore found that interpleader was appropriate in

---

[5] The Children also attach a declaration from Lisa J. Matthews, the witness who signed the 2020 Change Form. (ECF No. 32-6.) There, she says that Decedent was "coherent and rational" when completing the Form, and that it did not appear that "anyone was asserting any pressure or influence on him to sign the form." (*Id.* at PageID 204–05.)

such cases, "so that the court could authoritatively decide how the [property was] to be distributed." *Id.*

And in *Prudential Insurance Co. v. Amarante*, the court found that the parties were adverse where the "[p]laintiff has submitted evidence of competing claims" for the policy benefits, and there was "no indication defendants have settled these claims." No. 18-cv-13618, 2019 WL 1397247, at *3 (E.D. Mich. Mar. 28, 2019). Likewise, in *USAA Life Insurance Co. v. Space*, the court found that interpleader was appropriate because the insurance company "is subject to competing claims for these funds." 2015 WL 3407323, at *3; *see also N.Y. Life Ins. Co. v. Scrimger*, No. 2:19-cv-10146, 2020 WL 6075522, at *3 (E.D. Mich. Oct. 14, 2020) (finding interpleader appropriate when the plaintiff submitted evidence of competing claims); *Metro. Life Ins. Co. v. Hensley*, No. 3:18-CV-3, 2018 WL 2422743, at *3 (E.D. Tenn. May 29, 2018) (same). Based on this case law, claims are adverse under the statute when the party seeking interpleader received competing claims for the funds.

Take, as another example, *Fidelity & Guaranty Life Insurance Co. v. Johnson*. No. 15-cv-10879, 2015 WL 6689647, at *2 (E.D. Mich. Nov. 3, 2015). There, the court found that the claimants in an interpleader action were not adverse. *Id.* The Court explained that,

> the only allegation of conflict is [Plaintiff's] bare claim that Defendants cannot reach an agreement concerning the proceeds. [Plaintiff's] complaint, however, does not allege any fact in support of that claim. Rather, the facts alleged suggest the contrary: that the individual Defendant[s] all agree that the Polices' proceeds should be paid to the Florence Johnson Revocable Living Trust. Thus, there is no real conflict or controversy between Defendants. Although there is a fair claim by [Plaintiff] that conflicting claims *could* arise there is no evidence that it has, or that it reasonably *would*. All beneficiaries are willing to release their claims to the proceeds in favor of payment to the Trust. This is sufficient to defeat adversity.

9

*Id.* (internal citations omitted).  So there, the Court found that the claimants were not adverse because the defendants did not make conflicting claims as to the policies' proceeds.  *Id.*  But that is not the case here.

Both the Children and the Grandchildren sent Plaintiff life insurance claims forms.  (*See* ECF Nos. 1-6 & 1-7.)  As a result, Plaintiff received conflicting claims for Decedent's policy benefits.  (*Id.*)  In fact, Plaintiff sent Defendants letters explaining that "there is a beneficiary dispute regarding the proceeds" and that it "encourage[s] the parties to amicably resolve the matter themselves in order to preserve the policy benefits from potential litigation costs and fees."  (ECF No. 1-8 at PageID 88.)  Plaintiff further explained that, if the parties did not agree by the deadline, it would "file an interpleader action where we will ask a court of proper jurisdiction to decide the rights of each party to the policy proceeds."  (*Id.*)  And with all this in mind, Defendant Keough notified Plaintiff that the Grandchildren could not resolve the benefits dispute with the Children.  (ECF No. 1-9 at PageID 97.)

So because Plaintiff received competing claims for the benefits, and because the Defendants did not resolve the dispute themselves, § 1335's adversity requirement is satisfied here.[6]  True enough, when the Court takes up the merits of this claim, it may find that the Grandchildren do not have a legitimate claim to the policy benefits.  But at this stage in the interpleader action, the Court does not look at the merits of the competing claims.  *See High*

---

[6] The party seeking interpleader need not investigate the merits of the claims, either.  *Humana Ins. Co. of Ky. v. O'Neal*, 727 F. App'x 151, 155 (6th Cir. 2018) (finding that insurance company "was not required to investigate the competing claims and make a determination regarding the proper recipient of the death benefit," where the insurance company had no discretion to determine how to award the benefits, but instead was required to award the benefit to the designated beneficiary).

*Tech. Prods.*, 497 F.3d at 642.  Instead, review of the merits is "reserved for the second-stage of interpleader."  *Mudd*, 786 F. Supp. 2d at 1240.

All in all, the Court finds that, by receiving competing claims, Plaintiff legitimately feared double liability and that its allegations satisfy the statute's requirement for adverse claims. The Court now moves to § 1335's diversity requirement.

### C. Section 1335's Diversity Requirement

Statutory interpleader requires minimal diversity only.  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).  In other words, it only requires "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens."  *Id.*

Defendants argue that "[d]iversity is lacking because the Grandchildren do not have a viable claim in their individual capacities to the insurance proceeds."[7]  (ECF No. 32-1 at PageID 189.)  But as explained above, the Court does not consider the merits of the Grandchildren's claims at this stage in the interpleader action.  *See High Tech. Prods.*, 497 F.3d at 642.  Plus, the Court found that the claimants are adverse under the statute.

So to meet the statute's diversity requirement, the Court need only find that the Children and Grandchildren are minimally diverse.  And it finds so here.  The Children are both residents of Tennessee.  (ECF No. 1 at PageID 3.)  And while Defendant Keough is also a resident of Tennessee, the other Grandchildren are residents of Mississippi.  (ECF No. 1 at PageID 3–4.) This means that the adverse claimants here are minimally diverse.

---

[7] The Children only cite case law outside the Sixth Circuit to support this claim.  (ECF No. 32-1 at PageID 190) (citing *Sun Life Assurance Co. of Can. v. Plaisted*, No. 09-cv-108-SM, 2009 WL 3335867, at *5 (D. N.H. Oct. 15, 2009)).

11

In the end, Plaintiff has satisfied its burden of showing this Court's subject matter jurisdiction under § 1335.[8]  The Court thus **DENIES** the Children's motion to dismiss.

## MOTION TO INTERPLEAD FUNDS

### I.      Plaintiff's Motion to Interplead Funds

Plaintiff moves to interplead and deposit $48,570.54 of the life insurance benefits, plus any applicable interest, into the Court's registry.[9]  (ECF No. 35-1 at PageID 240.)  And Plaintiff asks that the Court release and discharge it from any further obligations relating to the benefits; enjoin Defendants from bringing any claims related to Plaintiff, the benefits, or the policies; and dismiss it from this action with prejudice.  (*Id.*)

Plaintiff only seeks to deposit one half of the total sum of benefits,  $48,570.54, in the Court's registry "[b]ecause the parties do not dispute that 50% of the Benefits are payable to the Children."  (ECF No. 35-1 at PageID 244.)  As a result, the parties agreed that Plaintiff "will pay $48,570.54 to the Children" and then address the remaining disputed $48,570.54.  (*Id.*)

To that end, the Grandchildren support Plaintiff's motion to interplead.  (ECF No. 41 at PageID 267.)  The Children, however, oppose that motion.  (ECF No. 40.)  The Children "incorporate as their response herein their pending motion to dismiss for lack of subject matter jurisdiction," and ask that the Court dismiss the interpleader action for lack of subject matter jurisdiction, "rendering moot MetLife's motion to interplead and dismiss."  (*Id.* at PageID 265.)

The Court now turns to the standard for interpleading funds.

---

[8] Plaintiff also argues that it has subject matter jurisdiction under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332.  (ECF Nos. 1 at PageID at 3; 34 at PageID 218.)  Because the Court finds it has subject matter jurisdiction under 28 U.S.C. § 1335, it does not consider its jurisdiction under 28 U.S.C. § 1332.  It therefore does not address the Children's argument that the amount in controversy is less than $75,000.  (ECF No. 32-1 at PageID 191–93.)

[9] Plaintiff asks that the Clerk place the funds in an interest-bearing account. (ECF No. 35-1 at PageID 240.)

## II. Standard for Interpleading Funds

Interpleader is a process in which "the stakeholder who has no claim to the money and is willing to release it to the rightful claimant, [can] put the money in dispute into the court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997) (internal quotations and alterations omitted). "[T]he interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action." *Sun Life Assurance Co. of Can. v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990). Also "[a]bsent the presence of bad faith on the part of the stakeholder or the possibility that the stakeholder is independently liable, discharge should be readily granted." *Id.*

So if the court finds that interpleader is available, it may discharge uninterested stakeholders and direct the claimants to interplead. *High Tech. Prods., Inc.*, 497 F.3d at 641 ("When the court decides that interpleader is available—typically, at the conclusion of the first stage—it may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead.") (internal quotations omitted).

## III. Analysis of Plaintiff's Motion to Interplead Funds

Plaintiff alleges that it is an uninterested stakeholder because it "makes no claim as to the Flexible-Premium or Whole Life Policy Benefits." (ECF Nos. 1 at PageID 9; 35-1 at PageID 246.) And it argues that it is "ready and able to deposit the Benefits" into the Court's registry

and seeks leave to do so under Federal Rule of Civil Procedure 67.[10]  (ECF No. 35-1 at PageID 245.)  And there is no evidence that Plaintiff is acting in bad faith or that it may be independently liable for any claims.

The Court therefore finds that Plaintiff is an uninterested stakeholder with no claims to the funds.  And, for the reasons explained above, the Court finds that Plaintiff meets the requirements for statutory interpleader here.  The Court thus **GRANTS** Plaintiff's motion to interplead funds.  What is more, after Plaintiff deposits the benefits into the Court's registry, the Court will enter an order dismissing Plaintiff from this action with prejudice.

## CONCLUSION

The Court finds that it has subject matter jurisdiction over this interpleader action under 28 U.S.C. § 1335.  As a result, the Court **DENIES** the Children's motion to dismiss.  The Court further finds that Plaintiff is an uninterested stakeholder, and **GRANTS** Plaintiff's motion to interplead funds.  After Plaintiff deposits the benefits into the Court's registry, the Court will enter an order dismissing it from this action with prejudice.

**SO ORDERED**, this 29th day of January, 2021.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE

---

[10] Under Federal Rule of Civil Procedure 67, "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party—on notice to every other party and by leave of court—may deposition with the court all or part of the money or thing, whether or not that party claims any of it."  Fed. R. Civ. P. 67(a).